IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HYDRO GREEN ENERGY, LLC,        §
                                §
        Plaintiff,              §
                                §
v.                              §        CIVIL ACTION NO. H-09-2271
                                §
CONCEPTS ETI, INC. a/k/a        §
CONCEPTS NREC,                  §
                                §
        Defendant.              §

<u>MEMORANDUM AND ORDER</u>

Pending is Plaintiff Hydro Green Energy, LLC's Motion to Remand (Document No. 9).  After having considered the motion, response, reply, and the applicable law, the Court concludes for the reasons set forth below that Plaintiff's Motion to Remand should be GRANTED.

I.  <u>Background</u>

Plaintiff Hydro Green Energy, LLC ("Plaintiff") entered into a Non-Disclosure Agreement (the "NDA")[1] with Defendant Concepts ETI, Inc. ("Defendant") in January 2008 to facilitate negotiations that later led to the formation of service contracts to be performed by Defendant.  Defendant sued Plaintiff in federal district court in Minnesota for nonpayment on the service

---

[1] Document No. 9, ex. 2.

contracts.[2]  Four days later, Plaintiff filed this suit against Defendant in state court in Harris County, Texas, alleging among other things Defendant's breach of the NDA.

Defendant removed the state court case to this Court based on diversity jurisdiction,[3] and moved to dismiss the case or transfer it to the District of Minnesota because of the substantially related action previously filed there.[4]  Plaintiff moves for remand pursuant to the "forum selection provision" at Section 10 of the NDA.[5]  The relevant clause states:

> This Agreement is to be construed and enforced according to the laws of the State of Texas, without regard to its conflicts of law principles.  [Defendant] hereby agrees that [Plaintiff] may enforce this agreement in the courts of Harris County, Texas and [Defendant] hereby consents to the jurisdiction of such courts in connection with any disputes arising hereunder, without regard to the application of any principles of forum non conveniens.[6]

---

[2] Document No. 3 at 1.

[3] Document No. 1 at 1-2.  Defendant asserts, and Plaintiff does not contest, that Defendant is a Vermont corporation with its principal place of business in Vermont.  Plaintiff limited liability company's members are citizens of Texas, Alabama, Maryland, New York, California, and Virginia.  Document No. 14.  *See* Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

[4] Document No. 3 at 1-2.  Defendant withdrew its Motion to Dismiss or Transfer Venue after the District of Minnesota dismissed the Minnesota case without prejudice.

[5] Document No. 9 at 7.

[6] Document No. 9, ex. 2 at 3 ("NDA").

## II.  Discussion

Neither party contests the validity of the forum selection clause.  Furthermore, both agree that the clause references Harris County *state* courts, as opposed to any court located in Harris County.[7]  Thus, the sole question is whether the clause constitutes a waiver of Defendant's right of removal.  Plaintiff contends that Defendant's agreement conferring on Plaintiff the right to enforce the NDA in the state courts of Harris County necessarily constitutes a waiver of Defendant's right to remove.  Defendant counters that the clause does not provide a clear and unequivocal waiver by Defendant of its right to remove.[8]

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right."  City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 1396 (2005) (citing Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796 (5th Cir. 2001); McDermott Int'l, Inc. v. Lloyds Underwriters, 944 F.2d 1199 (5th Cir. 1991)).  A waiver of the right to remove, however, does not have to include explicit words such as "waiver of right of removal."  Waters, 252 F.3d at

---

[7] Document No. 10 at 5 (Defendant); Document No. 11 at 2 (Plaintiff).  *See also* Dixon v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003) (per curiam) ("Federal district courts may be *in* Texas, but they are not *of* Texas.").

[8] Document No. 10 at 3.

3

797.  The Fifth Circuit has recognized "three ways in which a party may clearly and unequivocally waive its removal rights: '[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract.'"  Ensco Int'l v. Certain Underwriters at Lloyd's, 579 F.3d 442, 443-444 (5th Cir. 2009) (quoting New Orleans, 376 F.3d at 504).

A plain reading of the clause indicates that it affirmatively vests in Plaintiff the permissive right to "*enforce* this agreement in the courts of Harris County, Texas."  The ordinary meaning of "enforce" is "to give force or effect to (a law, etc.); to compel obedience to."  BLACK'S LAW DICTIONARY 549 (7th ed. 1999).  *See also*, *e.g.*, In re Outboard Marine Corp., 304 B.R. 844, 862-63 (Bankr. N.D. Ill. 2004) (using same definition in statutory interpretation context, and noting several similar definitions from other dictionaries).  This is more than a mere right "to file suit" or "to bring suit" in the courts of a state, such as the parties agreed to in Waters.  The Northern District of Illinois has aptly observed the meaning of "to file suit" as distinguished from the defendant's right to remove the case.

> The right to *file suit* in a particular forum is not equivalent to the right to avoid removal from that forum. [The plaintiff] was granted the right to *file suit* in either state or federal court, and she exercised that right.  This is not inconsistent with [the defendant's]

*power to remove the case to federal court once it has been filed.*

Beissbarth USA, Inc. v. KW Prods., Inc., No. 04 C 7738, 2005 WL 38741, at *2 (N.D. Ill. Jan. 6, 2005) (quoting Cruthis v. Metro. Life Ins. Co., 356 F.3d 816, 819 (7th Cir. 2004)) (emphases added); *see also* Waters, 252 F.3d at 798 (interpreting agreement that "suit . . . may be brought" to mean only that party agreed it could be sued in any court in Texas).

On the other hand, the term "enforce" as used in the NDA demonstrates the parties' intent not only to permit Plaintiff to sue, but to *follow through* with suit in the "courts of Harris County, Texas." Thus, the clause in this case is akin to that in Holthausen v. DMartino, LLC, Civil Action No. 09-3121, 2009 WL 1649693, at *4, *6 (E.D. La. June 11, 2009). The forum selection clause in Holthausen provided that the "complaint shall be filed and adjudicated in" a particular forum. "Adjudicated" was construed to mean "to rule upon judicially" or "to settle judicially," which meant that the claims "not only be filed in the Jefferson Parish court but also [that they] be decided by that court." Id. at *6 (citing BLACK'S LAW DICTIONARY (8th ed. 2004); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1999)). Likewise, the clause here grants to Plaintiff the option to "enforce this agreement in the Courts of Harris County," not merely to file the case there. In other words, if *enforcement* of the agreement could

5

be adjudicated in federal court after Defendant's removal, then Plaintiff's bargained-for optional right to enforce the contract in the courts of Harris County, Texas, would be rendered illusory.

III.  <u>Order</u>

Accordingly, it is

ORDERED that Plaintiff Hydro Green Energy LLC's Motion to Remand (Document No. 9) is GRANTED, and this case is REMANDED to the 280th Judicial District Court.

The Clerk will mail a certified copy of this Order to the Clerk of the 280th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this __3ᵈ__ day of November, 2009.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE